## RAISIN FERTILIZER Co. *v.* SNELL and another.[1]

*(Circuit Court, S. D. Georgia.* May 1, 1884.)

1. FEDERAL COURT — JURISDICTION — ALLEGATIONS — CITIZENSHIP — PROMISSORY NOTE.

   To entitle a person to sue upon a promissory note, other than one negotiable by the law-merchant, in a federal court, there must be an allegation of the citizenship of the original owners of the paper sued on.

2. SAME—PROMISSORY NOTE—LAW-MERCHANT.

   Since the jurisdiction must appear by affirmative allegations, it is necessary that the bill of exchange or promissory note sued on be one negotiable by the law-merchant.

3. SAME—EFFECT OF CONDITIONS.

   The character of the note must determine the question of jurisdiction, and the fact that the party suing is willing to waive certain of his rights under it, and sue on such a portion of the contract as might constitute a negotiable instrument, cannot give it.

Action on Promissory Note. Motion to dismiss for want of jurisdiction.

This was an action having a statutory and common-law count on a note in the following terms:

"$1,040.                                      SAVANNAH, GA., April 20, 1881.

"On or before the seventeenth day of October next we agree to pay J. S. Wood & Bro., or order, for advances, one thousand and forty dollars, and eight per cent. interest from maturity. We waive expressly all right that we or our dependents may have to retard the collection of this debt by claiming homestead or personalty exemption, under the laws of Georgia, on any property we may hereafter own. If this note is not paid promptly, we agree to pay costs, if sued, and ten per cent. as stipulated attorney's fees. We agree to ship, before due, one bale of cotton to J. S. Wood & Bro. for each ten dollars of this claim, or in default to forfeit to them the commissions at 2½ per cent. on 500 pounds, at price of middling cotton, when due.

"Witness our hands and seals:           C. W. SNELL.    [Seal.]
                                         "B. W. SNELL.    [Seal.]

"Signed in our presence:
   "GEO. W. WOOD.

"Indorsed:  J. S. WOOD, CHAS. S. WOOD, J. S. WOOD & BRO."

The plaintiff in its declaration avers itself to be a citizen of the state of Maryland, and that the defendants are citizens of the state of Georgia, and alleges therein that the said note was indorsed by said J. S. Wood & Bro. and by them delivered to said plaintiff, but there is no allegation as the citizenship of Wood & Bro.

*Chisholm & Erwin,* for plaintiff.

*J. K. Hines,* for defendants.

LOCKE, J., *(orally.)* There is no allegation of the citizenship of the original owners of the paper sued on, and since jurisdiction must

[1] Reported by W. B. Hill, Esq., of the Macon bar.

appear by affirmative allegations it is necessary that the foundation of the suit be a bill of exchange or a promissory note negotiable by the law-merchant. Its form at once precludes the idea that it is a bill of exchange, but it is claimed that it is a promissory note. It is not sufficient that it be a promissory note as between the parties, or even negotiable under certain circumstances and with certain conditions, but it must be negotiable by the law-merchant. It must be a positive promise and agreement to pay the holder a sum certain at a given date, without detraction or conditions; an amount that is easily determinable from its own face without further search or inquiry. The character of the note must determine the question of jurisdiction, and the fact that the party suing is willing to waive certain of his rights under it, and sue on such a portion of the contract as might constitute a negotiable instrument, cannot give it.

It is apparent that the last clause in the note in suit contains conditional provisions, which might be still undetermined at its maturity, so that it could never bear upon its face a fully settled amount due, which fact is conclusive against its negotiability under the law-merchant, and consequently against the jurisdiction in a suit upon it.

The fact that the instrument is under seal has also been urged, which objection, in the light of *Coe* v. *Cayuga Lake R. Co.* 8 FED. REP. 535, would seem to be fatal; but the form and substance of the note so fully determines all questions that a consideration of anything further is unnecessary.

Motion to dismiss is granted.